IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff / Respondent, ) | |
| ) | |
| v. ) | Case No. 12-20131-02-JWL |
| ) | Case No. 16-2813-JWL |
| JUSTIN RICHARDSON ) | |
| ) | |
| Defendant / Petitioner. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendant Justin Richardson's pro se petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 112). For the reasons set forth below, the Court concludes that defendant is not entitled to relief, and his petition is therefore **denied**.[1]

### **I.   Background**

On March 25, 2013, defendant pleaded guilty to one count of a conspiracy with intent to distribute methamphetamine. On June 8, 2015, the Court sentenced defendant to a term of imprisonment of 262 months. Defendant filed an appeal, but the Tenth Circuit dismissed the appeal on the basis of the waiver contained in defendant's plea

---

[1] Because the petition and records of this case conclusively show that defendant is not entitled to relief, the Court need not conduct a hearing. *See* 28 U.S.C. § 2255(b).

agreement. Defendant now seeks to vacate his sentence pursuant to 28 U.S.C. § 2255.

**II.    Analysis**

   *A.    Filing of Motion for Departure at Sentencing*

In the first claim asserted in his Section 2255 petition, defendant claims that his counsel's performance was constitutionally deficient because counsel filed an unsuccessful motion prior to sentencing for a downward departure pursuant to U.S.S.G. § 4A1.3. Section 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *See* 28 U.S.C. § 2255(b). "To establish ineffective assistance of counsel, [a] [d]efendant must show 'that counsel's representation fell below an objective standard of reasonableness' and that he was prejudiced by the deficient performance." *United States v. Moya*, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

In opposing this claim, the Government does not dispute that defendant suffered the requisite prejudice from the filing of the motion for a downward departure. The Court ruled at sentencing that the request for a departure constituted a breach by defendant of his plea agreement and that such breach relieved the Government of its obligation not to seek any enhancement beyond the sentencing guideline range

2

recommended by the probation office.  The Government then requested and received a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1, based on defendant's leaving the state without the permission of probation officials in violation of the terms of his release.  Thus, defendant argues that his counsel's filing of the motion resulted in a longer sentence based on a higher guidelines offense level and a longer recommended sentencing range.[2]

The Court concludes, however, that defendant has not met his burden to show that his counsel acted unreasonably in filing the motion.  While defendant has noted the adverse effect from the filing of the motion, he has not addressed the content of that motion, and thus he has not addressed the reasonableness of making the arguments contained therein.  As set forth in the motion, the argument for a downward departure was made to account for the possible passage of certainn legislation that had been introduced in Congress, which legislation might have affected defendant's mandatory minimum sentence.  Moreover, although defendant focuses on the enhancement made possible by the breach of the plea agreement, defendant had not yet committed the act (leaving the state without permission) that was ultimately deemed an obstruction of justice for purposes of the guidelines, and thus there is no basis to believe that counsel

---

[2]Defendant also argues that the breach cost him the opportunity to receive a two-level downward adjustment for acceptance of responsibility.  The probation office did not recommend such an adjustment in any of its multiple presentence reports, however, and it does not appear that defendant ever requested such an adjustment.

3

should have expected that a breach of plea agreement would affect the guidelines range.[3]

Most importantly, the evidence reveals that the motion was filed at the insistence of defendant himself, even after he was warned of the possible implications. Counsel submitted an affidavit in which he stated that he "prepar[ed] the motion at [defendant's] request despite Counsel advising him that the Government, if the Court found a breach of the agreement, would no longer be bound by or constrained in its arguments at [defendant's] sentencing hearing." In his reply brief, defendant does not dispute this statement by counsel concerning how he adivsed defendant; instead, defendant merely notes that counsel stopped short of stating in the affidavit that he advised defendant that the Court *would* find a breach. Defendant has not asserted, however, that counsel indeed failed to advise him that a breach would likely be found, and it is defendant's burden to establish his claim.[4] Moreover, there is uncontroverted evidence that defendant was advised that the motion would likely result in a breach, as his subsequent counsel stated in his affidavit that he discussed with defendant the ramifications of filing the motion in

---

[3]In this claim, defendant complains specifically about the conduct of the attorney who filed the motion; he has not claimed that his subsequent attorney was ineffective in pursuing the previously-filed motion after defendant was detained and returned from out-of-state. In addition, as mentioned in the previous footnote, no acceptance-of-responsibility adjustment had been recommended in the presentence report and thus the motion did not risk losing such an adjustment.

[4]In fact, defendant has not submitted any evidence in support of his motion (neither his petition nor his reply brief was verified or submitted under penalty of perjury).

4

violation of the plea agreement (a statement that defendant has not disputed).[5]

Defendant argues that counsel should have refused to file the motion despite defendant's insistence that it be filed, but he has cited no relevant authority in support of that argument. To the contrary, courts have noted that an attorney generally has an ethical obligation to comply with his client's wishes concerning the representation, *see, e.g.*, *Foster v. Strickland*, 707 F.2d 1339, 1343 & n.3 (11th Cir. 1983) (citing Ethical Consideration 7-7 of the ABA Code of Prof. Resp.), and that the client is the master of his own defense, *see, e.g.*, *United States v. Teague*, 953 F.2d 1525, 1533 (11th Cir. 1992). In *Brecheen v. Reynolds*, 41 F.3d 1343 (10th Cir. 1994), the Tenth Circuit cited with approval a Ninth Circuit holding that counsel's acquiescence in the client's informed strategic decision did not constitute ineffective assistance. *See id.* at 1371 (citing *Jeffries v. Blodgett*, 5 F.3d 1180, 1198 (9th Cir. 1993)). In its case, the Ninth Circuit quoted the Supreme Court in recognizing that the "reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *See Jeffries*, 5 F.3d at 1198 (quoting *Strickland*, 466 U.S. at 691). The Ninth Circuit further noted the Eleventh Circuit's holding that "when a defendant preempts his attorney's strategy by insisting that a different defense be followed, no claim of ineffectiveness can be made." *See id.* (quoting *Mitchell v. Kemp*, 762 F.2d 886,

---

[5]Government counsel also told the Court at the sentencing hearing that both counsel had advised defendant about the repercussions of filing the motion in violation of the plea agreement, and defendant did not dispute that statement by the Government.

889 (11th Cir. 1985)).

In this case, the uncontroverted evidence is that counsel filed the departure motion at defendant's insistence, after defendant was informed of the possible ramifications of such a violation of the plea agreement. In addition, defendant has not shown that such acquiescence was unreasonable in light of the potential benefits and risks of such a motion. Accordingly, the Court denies this claim of ineffective assistance of counsel.

### *B.  Appeal Brief*

For his second claim, defendant claims that his appellate counsel rendered ineffective assistance with respect to defendant's brief in response to the Government's motion to the Tenth Circuit to enforce the plea agreement's appeal waiver. In that response brief, counsel effectively conceded that the appeal fell within the scope of the waiver. Defendant argues that, although the Tenth Circuit deemed the brief to be an *Anders* filing, the brief did not in fact comply with *Anders* because counsel did not determine whether there were any viable issues for appeal, state that the appeal was frivolous, and then request withdrawal from the representation.

The Court rejects this claim. Counsel's brief was effectively an *Anders* brief, in that it conceded the appeal's lack of merit, and as defendant concedes, the Tenth Circuit took it as such. Defendant has not explained how counsel acted unreasonably in failing to identify other issues for appeal. Moreover, counsel states in his affidavit that he filed the brief in response to the Tenth Circuit's order for a brief addressing the waiver issue, and that he was considering filing an *Anders* brief if the appeal went forward. The Court

concludes that defendant has failed to satisfy the requirement to show that counsel acted unreasonably.

Defendant has also failed to show the requisite prejudice, as he has failed to identify any issue that counsel should have pursued (or at least identified) on appeal. Defendant cites *United States v. Snitz*, 342 F.3d 1154 (10th Cir. 2003), in arguing that he need not show any prejudice. The Tenth Circuit did not hold in *Snitz*, however, that a Section 2255 claimant need never show prejudice from an alleged failure to file an *Anders* brief. In that case, the court noted that prejudice may be presumed if counsel disregards a specific instruction to file an appeal. *See id.* at 1155-56. In this case, counsel filed an appeal for defendant, and when the appellate court asked for a response on the waiver issue, counsel filed the equivalent of an *Anders* brief. Defendant has not cited any authority suggesting that, even if such conduct were unreasonable, prejudice may be presumed in these circumstances. Thus, defendant's failure to establish prejudice provides an additional basis for the Court's denial of this claim.

### C.     *Enhancement for Obstruction of Justice*

For his third claim, defendant argues that the Court erred at sentencing in applying a two-level enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1. Defendant insists that he left the state to visit his ailing mother and that he did not intend to miss any court proceedings.

The Court denies this claim. First, as the Government points out, defendant waived this issue, both in his plea agreement and by failing to raise it on direct appeal.

Defendant does not dispute that the issue would ordinarily be waived, but he relies on exceptions for claims of ineffective assistance of counsel. He argues that this claim relates to his first claim, in which he argued that counsel was ineffective in causing the filing that opened the door to the obstruction enhancement. As discussed above, however, that claim of ineffective assistance lacks merit. In this third claim, defendant clearly alleges an error by the Court, but he has not provided any basis for the Court's consideration of that claim in the face of his waiver.

In addition, this claim fails on its merits, as defendant has not shown that the enhancement was not legally applied. As the Tenth Circuit noted in its unpublished opinion in *United States v. Fread*, 73 F.3d 374, 1995 WL 768998 (10th Cir. Nov. 29, 1995) (unpub. op.), the list of examples of obstruction in this guideline's comments (which lists includes the failure to appear in court) is not exhaustive, and that the test instead is whether the defendant willfully impeded or obstructed the administration of justice. *See id.* at *2-3. In *Fread*, the Tenth Circuit followed its sibling circuits in holding that "flight from pretrial services between conviction and sentence warrants an obstruction enhancement." *See id.* at *3-4 (citing cases). Similarly, in the present case defendant violated the terms of his release and fled pretrial services prior to sentencing, which act, as the Court noted at sentencing, caused officials to expend time and resources searching for and detaining defendant. The Court believes that the Tenth Circuit would again follow the other circuits and deem such conduct to fall within the scope of this enhancement. Accordingly, the Court denies defendant's petition in its

8

entirety.

### III.   Certificate of Appealability

Effective December 1, 2009, Rule 11 of the Rules Governing Section 2255 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because it is clear that defendant is not entitled to relief on the constitutional claims that the Court has denied herein, the Court denies a certificate of appealability in this case.

IT IS THEREFORE ORDERED BY THE COURT that defendant's petition to vacate his sentence pursuant to 28 U.S.C. § 2255 (Doc. # 112) is **denied.**

IT IS SO ORDERED.

---

[6]The denial of a Section 2255 petition is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. *See* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

9

Dated this 6th day of March, 2018, in Kansas City, Kansas.

                                              s/ John W. Lungstrum
                                              John W. Lungstrum
                                              United States District Judge