IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 12-20131-02-JWL |
| JUSTIN RICHARDSON, | ) ) ) | |
| Defendant. | ) ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines (Doc. # 121). Because defendant is ineligible for such relief, the Court **dismisses** the motion.

Defendant pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On June 8, 2015, the Court sentenced defendant to a term of imprisonment of 262 months. Using the 2014 Manual, the probation office recommended a base offense level of 32, based on 418 grams of methamphetamine attributed to defendant, in the amended presentence report. The Court applied that offense level of 32, which, with two 2-point enhancements, resulted in a guidelines sentencing range of 262 to 327 months. The Court sentenced defendant at the low end of that range.

Defendant now moves for a new sentence, based on a two-level reduction of the sentencing range for his offense, under Section 3582(c)(2) and Amendment 782. 18 U.S.C. § 3582(c)(2) allows a court to modify a term of imprisonment imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *See id.* Defendant relies on Amendment 782, by which the Sentencing Commission reduced base offense levels for various drug offenses.

Defendant is not eligible for this relief under Section 3582(c)(2), however, because Amendment 782 did not lower his applicable sentencing range after he was sentenced. Amendment 782 became effective on November 1, 2014, and was incorporated into the 2014 Manual. In sentencing defendant, the Court applied a sentencing range from the 2014 Manual – thus, defendant has already received the benefit of Amendment 782's lowered range for his drug quantity.[1] Accordingly, defendant is not eligible for relief under the statute. *See United States v. Smith*, 659 F. App'x 950, 952 (10th Cir. 2016) (unpub. op.) (defendant sentenced under 2014 Manual was ineligible for relief under Section 3582(c)(2)). Because defendant is not eligible under the statute, the Court dismisses defendant's motion. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (dismissal, not denial, appropriate if ineligible under Section 3582(c)(2)).

---

[1] Indeed, the original presentence report for defendant, which was based on an earlier manual, was amended to allow for application of the lowered guideline range.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for reduction of sentence (Doc. # 121) is hereby **dismissed**.

IT IS SO ORDERED.

Dated this 17th day of March, 2020, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
