IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-20131-02-JWL |
| ) | |
| JUSTIN RICHARDSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____) | |

## **MEMORANDUM AND ORDER**

Defendant Justin Richardson pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. On June 8, 2015, the court sentenced defendant to a term of imprisonment of 262 months. Mr. Richardson is presently incarcerated at FCI Texarkana and his anticipated release date is October 16, 2031. This matter is presently before the court on defendant's motion for compassionate release (doc. 149). For the reasons set forth below, Mr. Richardson's motion is denied in part and dismissed in part.[1]

In his motion for compassionate release, Mr. Richardson seeks a transfer to home confinement on the grounds that he has diabetes, hyperlipidemia, hypertension and irritable bowel syndrome (IBS) which, according to Mr. Richardson, render him particularly

---

[1] Mr. Richardson has also filed a motion to amend or correct his motion for compassionate relief (doc. 153) in which he seeks to correct the name of his mother. That motion is granted.

susceptible to COVID-19 and places him at a higher risk of serious complications or death if he were to contract COVID-19. To begin, Mr. Richardson seems to request home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). Under § 12003(b)(2) of the CARES Act,

> if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020). On April 3, 2020, the Attorney General declared that because of COVID-19, "emergency conditions are materially affecting the functioning" of the BOP so that the BOP Director now has authority to grant home confinement to a larger group of prisoners. *See* Memorandum from Attorney Gen. William Barr to Dir. of Bureau of Prisons, Apr. 3, 2020, https://www.justice.gov/file/1266661/download. While the CARES Act gives the BOP broad discretion to expand the use of home confinement during the COVID-19 pandemic, the court lacks jurisdiction to order home detention under this provision. *See United States v. Young*, 2020 WL 3832937, at *2 (D. Kan. July 8, 2020); *United States v. Fritts*, 2020 WL 3475225, at *1 (D. Kan. June 25, 2020) (collecting cases). As a result, to the extent Mr. Richardson is seeking an order from this court placing him on home confinement pursuant to the CARES Act, the motion is dismissed for lack of jurisdiction.

A court may reduce a term of imprisonment for "extraordinary and compelling reasons" pursuant to 18 U.S.C. § 3582(c)(1)(A). The moving defendant bears the burden

of establishing that such a "compassionate release" is warranted under the statute. *See, e.g.*, *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (defendant bears burden to show reduction is warranted under Section 3582(c)(2)); *United States v. Bright*, 2020 WL 473323, at *1 (D. Kan. Jan. 29, 2020) ("extraordinary and compelling" standard imposes a heavy burden on a defendant seeking relief under Section 3582(c)(1)(A)). A court exercises its discretion in ruling on such a motion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (reviewing denial for abuse of discretion); *United States v. Saldana*, 2020 WL 1486892, at *2 n.4 (10th Cir. Mar. 26, 2020) (unpub. op.) (same) (citing *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016)).[2]

18 U.S.C. § 3582(c)(1)(A) provides that a court may reduce a sentence if it finds both (a) that extraordinary and compelling reasons warrant the reduction and (b) "that such a reduction is consistent with applicable policy statement issued by the Sentencing Commission." *See id.* In addition, 28 U.S.C. § 994(t) provides that "[t]he [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the

---

[2] The statute allows a defendant to bring a motion for reduction of a term of imprisonment after the defendant has fully exhausted all administrative remedies. 18 U.S.C. § 3582(c)(1)(A). Mr. Richardson asserts under penalty of perjury that he has exhausted his administrative remedies by submitting a written request for relief to the warden of his facility and filing his motion more than 30 days after that submission. In response, the government asserts that there is "no evidence" that Mr. Richardson submitted a request to the warden that identifies the same basis for relief that Mr. Richardson raises here. But the government does not submit any evidence of its own to controvert Mr. Richardson's verified assertion that he exhausted his administrative remedies. The court, then, exercises jurisdiction over the motion and proceeds to the merits.

criteria to be applied and a list of specific examples." *See id.* The Sentencing Commission responded to that mandate by promulgating the policy statement found at U.S.S.G. § 1B1.13.

In Section 1B1.13, the Commission added the requirement that the defendant not be a danger to the safety of another person or the community. *See id.* In addition, in Application Note 1 to the statement, the Commission set forth four circumstances (in subdivisions (A) through (D)) under which "extraordinary and compelling reasons" may exist. *See id.* application note 1. Subdivisions (B) and (C) depend on the defendant's age and family circumstances, and they are not applicable here. *See id.* Subdivision (A) sets forth the following qualifying medical condition: the defendant is either (i) suffering from a terminal illness; or (ii) suffering from a serious physical or medical condition that substantially diminishes his or her ability to provide self-care within the prison environment from which he or she is not expected to recover. *See id.* Mr. Richardson does not suggest that he is entitled to relief under this subdivision.

That leaves subdivision (D), known as the "catchall" provision, which in its present form provides as follows:

> **(D) Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

*See id.* Subdivision (D) thus provides that circumstances other than those listed in subdivisions (A) through (C) may be sufficient to warrant relief, as determined by the Bureau of Prisons (BOP). The BOP has made no such determination in this case.

4

Nevertheless, as this court has previously determined, in accordance with the weight of authority, the court is not limited to circumstances (A) through (C), and it may exercise its own discretion to determine whether other extraordinary and compelling reasons warrant relief under the statute. *See United States v. Jackson*, 2020 WL 2812764, at *3 (D. Kan. May 29, 2020). As will be explained, the court concludes in its discretion that Mr. Richardson has not met his burden to show that extraordinary and compelling circumstances warrant his immediate release from prison because he has not shown that he suffers from medical conditions that place him at an elevated risk of harm from the virus.

Mr. Richardson asserts, without elaboration, that he has diabetes, hyperlipidemia, hypertension and IBS. The government, in response, has submitted Mr. Richardson's medical records which reflect that he is presently being treated for Type 1 diabetes mellitus; hyperlipidemia; hypertension; and IBS. None of these conditions has been identified by the CDC as one that places a person at an increased risk of severe illness from COVID-19. S*ee* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 21, 2020). While the CDC has concluded that persons with Type 1 diabetes and hypertension "might" be at an increased risk, the medical records reflects that these conditions, in Mr. Richardson's case, are well controlled with medication. Moreover, Mr. Richardson's age, 37 years old, does not suggest an increased risk for severe illness. Thus, when Mr. Richardson's medical records are viewed in tandem with the CDC guidelines, the evidence does not support a finding that Mr. Richardson is at a higher risk for severe illness due to COVID-19. Moreover, with only one reported positive inmate case of COVID-19 and four reported positive staff member cases of

COVID-19, Mr. Richardson's facility appears to be effectively responding to and defending against the threats of the virus. *Compare United States v. Riccardi*, 2020 WL 4260636, at * (D. Kan. July 24, 2020) (granting motion for compassionate release in light of defendant's age, 60 years old, combined with diabetes, high blood pressure, outbreak at facility and the fact that he was scheduled for release in any event in a matter of months) *with United States v. Ewings*, 2020 WL 4788025, at *2 (E.D. Mich. Aug. 17, 2020) (denying motion for compassionate release where hypertension was controlled by medication); *United States v. Noye*, 2020 WL 4207553, at *4-5 (N.D. Iowa July 22, 2020) (uncontrolled Type 1 diabetes presented a "marginal" extraordinary and compelling reason for release; denying release particularly given that facility had no positive cases among inmate population); *United States v. Hennessey*, 2020 WL 4209020, at *1 (D. Minn. July 22, 2020) (denying motion for compassionate release where defendant had Type 1 diabetes, hypertension and hyperlipidemia; defendant already contracted COVID-19 and was asymptomatic throughout infection); *United States v. Walton*, 2020 WL 4196358, at *3 (W.D.N.Y. July 21, 2020) (even assuming Type 1 diabetes placed defendant at increased risk of serious illness from COVID-19, that alone was not enough to establish extraordinary and compelling reason for release; motion denied ); *and United States v. Sandler*, 2020 WL 3621313, at *3-4 (M.D. Ala. July 2, 2020) (denying motion for compassionate release despite Type 1 diabetes and hypertension where facility was effectively controlling virus and there was no evidence that the BOP was failing to attend to the defendant's medical needs).

`Case 2:12-cr-20131-JWL   Document 162   Filed 08/26/20   Page 7 of 7`

Lastly, this is not a case in which the inmate has only a short time left to serve. Mr. Richardson has more than 10 years remaining on his sentence and the government maintains a valid public interest in incarcerating him in accordance with the terms of that lawful sentence. Accordingly, for the foregoing reasons, the court in its discretion concludes that Mr. Richardson has not shown that extraordinary and compelling reasons warrant his release from prison. The court therefore denies the motion to the extent it is asserted under Section 3582(c)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for compassionate release (doc. #149) is hereby **denied in part and dismissed in part;** and defendant's motion to amend or correct his motion for compassionate relief (doc. 153) is **granted**.

**IT IS SO ORDERED.**

Dated this 26th day of August, 2020, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge